| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| CAROL G. UNRUH, ESQ.    SBN: 102929<br>WAYNE M. ABB, ESQ.    SBN: 091625<br>3000 S. ROBERTSON BLVD., SUITE 215<br>LOS ANGELES, CA 90034<br>310-842-9660<br>310-842-9664 fax<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* MOVANT | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>PAMELA MILLER RIDLEY, Debtor<br><br>US Trustee<br><br>                                               Debtor(s). | CHAPTER: 11<br>CASE NO.: 1:09-bk-23305 GM<br>DATE: 1/28/10<br>TIME: 9:30 am<br>CTRM: 303<br>FLOOR: 3rd FL |
|---|---|

# NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
(MOVANT: <u>ENTRUST ADMINISTRATION, INC. FBO 00392</u>   )
**(Real Property)**

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. Hearing Location:   ☐ 255 East Temple Street, Los Angeles    ☐ 411 West Fourth Street, Santa Ana
   ☒ 21041 Burbank Boulevard, Woodland Hills    ☐ 1415 State Street, Santa Barbara
   ☐ 3420 Twelfth Street, Riverside

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:
   ☐ at the hearing   ☐ at least _____ court days before the hearing.
   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).
   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.
   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                                            **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - Page 2 of 18    F 4001-1M.RP

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| PAMELA MILLER RIDLEY, Debtor | | Debtor(s). | CASE NO.: 1:09-bk-23305 GM |

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 1/6/10

LAW OFFICES OF CAROL G. UNRUH/WAYNE M. ABB
*Print Law Firm Name (if applicable)*

CAROL G. UNRUH
*Print Name of Individual Movant or Attorney for Movant*

*Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

F 4001-1M.RP

Motion for Relief from Stay (Real Property) Page 3 of 7     F 4001-1M.RP

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| PAMELA MILLER RIDLEY, Debtor | | Debtor(s). | CASE NO.: 1:09-bk-23305 GM |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
**(MOVANT:** ENTRUST ADMINISTRATION, INC. FBO 00392 **)**

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (the "Property"):

   *Street Address:* 28860 SELFRIDGE DRIVE
   *Apartment/Suite No.:*
   *City, State, Zip Code:* MALIBU, CALIFORNIA 90265

   Legal description or document recording number (including county of recording):
   Document Recording No. 20081464385 recorded in Los Angeles County, California. APN: 4466-018-006
   ☐ See attached continuation page.

2. **Case History:**
   a. ☒ A voluntary ☐ An involuntary petition under Chapter ☐ 7 ☒ 11 ☐ 12 ☐ 13
      was filed on *(specify date)*: 10/8/09
   b. ☐ An Order of Conversion to Chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on *(specify date)*:
   c. ☐ Plan was confirmed on *(specify date)*:
   d. ☐ Other bankruptcy cases affecting this Property have been pending within the past two years. See attached Declaration.

3. **Grounds for Relief from Stay:**
   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:
      (1) ☒ Movant's interest in the Property is not adequately protected.
         (a) ☒ Movant's interest in the collateral is not protected by an adequate equity cushion.
         (b) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.
         (c) ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).
         (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted in this case.
      (2) ☐ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.
         (a) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.
         (b) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.
         (c) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.
         (d) ☐ Other (See attached continuation page).

   SEE CONTINUATION PAGE 4a

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009     **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) – Page 4 of __8__    F 4001-1M.RP

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| PAMELA MILLER RIDLEY, Debtor | | Debtor(s) | CASE NO.: 1:09-bk-23305 GM |

(3) ☐ *(Chapter 12 or 13 cases only)*
    (a) ☐ Postconfirmation plan payments have not been made to the Standing Trustee.
    (b) ☐ Postconfirmation payments required by the confirmed plan have not been made to Movant.
(4) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.   SEE CONTINUATION PAGE 4a

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor(s) has/have failed within the later of 90 days after the petition or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), Debtor's(s) filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:
    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or
    (2) ☐ Multiple bankruptcy filings affecting the Property.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*
  a. ☒ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.
  b. ☐ Other Declaration(s) are also attached in support of this Motion.
  c. ☒ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit __8,9 and 13__
  d. ☒ Other evidence *(specify)*:  Declaration of Appraiser and Appraisal (Exhibit 12)

6. ☐ An optional Memorandum of Points and Authorities is attached to this Motion.

**WHEREFORE**, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following *(specify forms of relief requested)*:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

3. ☒ Additional provisions requested:
  a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
  b. ☒ That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.
  c. ☐ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009    **F 4001-1M.RP**

CONTINUATION PAGE 4a

GROUNDS FOR RELIEF FROM STAY UNDER 11 U.S.C. § 362(d)(1):

Existing Financing on the Subject Property:

First Trust Deed:

Citimortgage, Inc. is the current beneficiary under the note secured by a first trust deed on the subject property recorded on 3/4/03. Exhibits 3 and 4. The principal owed is $1,000,000. On 4/30/09 CitiMortgage, Inc. recorded a Notice of Default indicating a delinquency for the payment due 1/1/09 and any other charges due at that same time. Exhibit 5. A Notice of Sale was subsequently recorded on 8/7/09. Exhibit 6.

Movant does not have a copy of the note but assumes an interest rate of 6%. An interest rate of 6% equals a monthly interest payment of $5000. Monthly interest payments from 1/1/09 to the time of filing of the bankruptcy case on 10/8/09 would be owed for a total of $50,000. Movant assumes no payments have been made to CitiMortgage since the filing which would add another $10,000 to the delinquency owing by Debtor to the first trust deed holder. This delinquency does not include trustee fees and any other charges associated with that delinquency as well as the recording of the Notice of Default and Notice of Sale.

Second Trust Deed:

Specialized Loan Servicing is the servicer for the holder of this note secured by the second deed of trust on the subject property. The total debt owing at the time of the filing of this bankruptcy case is $525,801.21 pursuant to the proof of claim filed by Specialized. Exhibit 7. The claim indicates a monthly payment that varies but the minimum monthly payment for 10/20/09 was $2458.86. Movant assumes no payments have been tendered to this creditor since the filing of this case thereby adding $7376.58 (using the $2458.86 monthly figure) to the amount owing to this creditor. No Notice of Default has been recorded.

Third Trust Deed:

Movant is the beneficiary of this note secured by the third deed of trust. The principal amount is $500,000 with an interest rate of 12.99%. Monthly payments are $5527.09. Movant's pre petition and post petition arrears as of 12/24/09 are in the amount of $83,880. Movant anticipates the monthly payment of $5527.09 will be due and owing at the time of the hearing on this motion.

The Subject Property:

The monthly financial cost for the above deeds of trust is $12,985.95. That figure does not include the costs of maintenance, insurance, property taxes and the like that are inherent in owning real property.

Debtor's budget indicates a monthly negative of $29,812.00. Exhibit 8. The Statement of Financial Affairs shows income for the calendar year of 2009 up to the time of filing to be $31,000. Exhibit 9. Neither is sufficient to maintain the monthly payments on the liens against the subject property let alone any monthly expenses for maintenance, insurance or property taxes.

Debtor's anticipated source of income to resume making mortgage payments appears to be shuttering the horse business and maintaining the debtor's law practice. Debtor indicates a goal of joining a law firm in estate planning and probate. Debtor has receivables from her law practice in the approximate amount of $225,000 but has been unable to collect them. Debtor hopes to develop the law practice to a point where its income will cover the monthly property expenses or allow access to a firm. Exhibit 8. To do so, Debtor must develop a strategy to get clients. In the current economic situation this approach is highly speculative as there is much competition which drives down the price for legal services and there is an advantage to long term practitioners. In addition, the deficit of almost $30,000 per month makes it impractical if not impossible to overcome.

Movant is in 3rd position behind a $1,000,000 first deed of trust and a second deed of trust in the amount of $500,000. Both have not received payments from 1/1/09 forward and have not received any payments since the filing of this case, and neither has Movant. Debtor has a negative budget of $29,812 per month and therefore no money to make mortgage payments. To wait for a law practice to provide the money is unrealistic and speculative. Movant is not adequately protected under such a scenario.

GROUNDS FOR RELIEF FROM STAY UNDER 11 U.S.C. § 362(d)(2):

Movant's appraisal establishes a value of $2,500,000 for the subject property. Exhibit 12. The value remaining after taking into account the three liens, the property taxes, homestead exemption and costs of sale is $120,340. Exhibits 13 and 14. With monthly mortgage payments of almost $13,000, it will take less than a year before this remaining equity is extinguished. Again, this estimate does not include monthly maintenance expense, monthly property tax expense or any monthly insurance expenditure.

A debtor cannot reorganize with such a large negative budget. A debtor cannot maintain such an expensive residence with a large negative budget. No effective reorganization can occur with hoped for future earnings.

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| PAMELA MILLER RIDLEY, Debtor | | Debtor(s) | CASE NO.: 1:09-bk-23305 GM |

    d. ☐ For other relief requested, see attached continuation page.

4. If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: 1/6/10

Respectfully submitted,

ENTRUST ADMINISTRATION, INC. FBO 00392
*Movant Name*

LAW OFFICES OF CAROL G. UNRUH/WAYNE M. ABB
*Firm Name of Attorney for Movant (if applicable)*

By: *[signature]*
*Signature*

Name: CAROL G. UNRUH
*Typed Name of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                     **F 4001-1M.RP**