Motion for Relief from Stay (Real Property) - Page 8 of 18    F 4001-1M.RP

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| PAMELA MILLER RIDLEY, Debtor | | Debtor(s). | CASE NO.: 1:09-bk-23305 GM |

## REAL PROPERTY DECLARATION
**(MOVANT:** ENTRUST ADMINISTRATION, INC. FBO 001**)**

I, RON PERLSTEIN _____, declare as follows:
   *(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion ("Property") because *(specify)*:

   ☐ I am the Movant and owner of the Property.

   ☐ I manage the Property as the authorized agent for the Movant.

   ☐ I am employed by Movant as *(state title and capacity)*:

   ☒ Other *(specify)*:
   I am the beneficiary of the moving party and am responsible for ensuring compliance by the debtor with the terms of the note secured by a 3rd deed of trust on the subject property.

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. a. The address of the Property that is the subject of this Motion is:

   *Street Address:* 28860 SELFRIDGE DRIVE
   *Apartment/Suite No.:*
   *City, State, Zip Code:* MALIBU, CALIFORNIA 90265

   b. The legal description or document recording number (including county of recording) set forth in Movant's Deed of Trust is attached as Exhibit 1_____.

   ☐ See attached page.

4. Type of property *(check all applicable boxes)*:
   a. ☒ Debtor's(s') principal residence    b. ☐ Other single family residence
   c. ☐ Multi-unit residential                d. ☐ Commercial
   e. ☐ Industrial                            f. ☐ Vacant land
   g. ☐ Other *(specify)*:

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009    F 4001-1M.RP

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| PAMELA MILLER RIDLEY, Debtor | Debtor(s) | CASE NO.: 1:09-bk-23305 GM |

5. Nature of Debtor's(s') interest in the Property:
   a. [x] Sole owner
   b. [ ] Co-owner(s) *(specify):*
   c. [ ] Lien holder *(specify):*
   d. [ ] Other *(specify):*
   e. [x] Debtor(s)  [x] did  [ ] did not  list the Property in the Schedules filed in this case.
   f. [x] Debtor(s) acquired the interest in the Property by  [x] grant deed  [ ] quitclaim deed  [ ] trust deed

   The deed was recorded on: 7/14/95

6. Amount of Movant's claim with respect to the Property:

| | | PREPETITION * | POSTPETITION * | TOTAL * |
|---|---|---|---|---|
| a. | Principal: | $ 500,000.00 | $ 500,000.00 | $ 500,000.00 |
| b. | Accrued Interest: | $ 49,744.00 | $ 16,581.00 | $ 66,325.00 |
| c. | Late Charges | $ 4,974.00 | $ 1,658.00 | $ 6,632.00 |
| d. | Costs (Attorney's Fees, Other Costs): | $ 7,223.00 | $ 3,700.00 | $ 10,923.00 |
| f. | Advances (Property Taxes, Insurance): | $ | $ | $ |
| g. | TOTAL CLAIM as of 12/24/09: | $ 561,941.00 | $ 521,939.00 | $ 583,880.00 |

   h. [ ] Loan is all due and payable because it matured on *(specify date):*

   * all figures are rounded to the nearest dollar.

7. Movant holds a  [x] deed of trust  [ ] judgment lien  [ ] other *(specify)*
   that encumbers the Property.

   a. A true and correct copy of the document as recorded is attached as Exhibit 1____.
   b. A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit 2____.
   c. [ ] A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit _____.

8. Status of Movant's claim relating to the Property *(fill in all applicable information requested below):*

   a. Current interest rate: 12.99
   b. Contractual maturity date: 8/13/38
   c. Amount of current monthly payment: $ 5,527.09
   d. Number of PREPETITION payments that have come due and were not made: 9 . Total amount: $ 49,743.81 **
   e. Number of POSTPETITION payments that have come due and were not made: 3 . Total amount: $ 16,581.27 **
   f. Date of POSTPETITION default: 10/13/09
   g. Last payment received on the following date: 12/13/08
   h. Notice of default recorded on the following date: 6/4/09    Exhibit 10
   i. Notice of sale recorded on the following date: 9/9/09    Exhibit 11
   j. Foreclosure sale originally scheduled for the following date: 10/13/09
   k. Foreclosure sale currently scheduled for the following date:
   l. Foreclosure sale already held on the following date:
   m. Trustee's deed on sale already recorded on the following date:
   n. Future payments due by time of anticipated hearing date *(if applicable):*
      An additional payment of $ 5,527.09 will come due on 1/13/10 , and on the 13th day of each month thereafter. If the payment is not received by the 24th day of the month, a late charge of $ 552.71 will be charged to the loan.

   ** does not include late charges.

9. Attached hereto as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor(s) since the petition date.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009    F 4001-1M.RP

F 4001-1M.RP

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| PAMELA MILLER RIDLEY, Debtor | | Debtor(s). | CASE NO.: 1:09-bk-23305 GM |

10. ☒ *(Chapter 7 and 11 cases only)*: The fair market value of the entire Property is $ 2,500,000.00 _____, established by:
    a. ☒ Appraiser's declaration with appraisal attached herewith as Exhibit ___12___.
    b. ☐ A real estate broker or other expert's declaration regarding value attached as Exhibit _____.
    c. ☐ A true and correct copy of relevant portion(s) of Debtor's(s') Schedules attached as Exhibit _____.
    d. ☐ Other *(specify)*:

11. ☐ The fair market value of the Property is declining based on/due to: _____

12. ☒ **Calculation of equity in Property:**
    a. Based upon ☐ preliminary title report  ☒ Debtor's(s') admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

|  | Name of Holder | Amount as Scheduled by Debtor(s) (if any) | Amount Known to Declarant and Source | |
|---|---|---|---|---|
| 1st Deed of Trust: | Citi Mortgage | $1,000,000.00 | $1,060,000 (est.) | |
| 2nd Deed of Trust: | Specialized Loan Servicing | $500,000.00 | $525,801.21 | Exh. 7 |
| 3rd Deed of Trust: | Entrust Admin/Movant | $500,000.00 | $583,880.00 | Pg. 7 of mtn. |
| Judgment Liens: | | | | |
| Taxes: | Property Taxes | | $9,978.67 | Exh. 14 |
| Other: | Exemption | $75,000.00 | $75,000.00 | Exh. 13 |
| **TOTAL DEBT:** $ | | | $2,254,659.80 | |

   b. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit _____, and consists of:
      ☐ Preliminary title report
      ☒ Relevant portions of Debtor's(s') Schedules as filed in this case   Exhibit 13
      ☒ Other *(specify)*: Exhibits 1, 2, 3, 4, 5, 7, 13, 14

   c. Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's(s') equity in the Property is $ 245,340.20 *  (§ 362(d)(2)(A)).
      *does not include costs of sale
   d. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $ 245,340.20*  (§ 362(d)(1)).
      *does not include costs of sale
   e. Estimated costs of sale: $ 125,000.00 _____ (Estimate based upon 5_____% of estimated gross sales price)

13. ☐ *(Chapter 12 and 13 cases only)* Chapter 12 or 13 case status information:
    a. 341(a) Meeting currently scheduled for (or concluded on) the following date:
       Confirmation hearing currently scheduled for (or concluded on) the following date:
       Plan confirmed on the following date *(if applicable)*:

    b. Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

       (Number of) _____ payment(s) due at $_____ each = $_____
       (Number of) _____ payment(s) due at $_____ each = $_____
       (Number of) _____ late charge(s) at  $_____ each = $_____
       (Number of) _____ late charge(s) at  $_____ each = $_____

*(Continued on next page)*

SEE CONTINUATION PAGE 8a.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

F 4001-1M.RP

CONTINUATION PAGE 8a

Existing Financing on the Subject Property:

First Trust Deed:

Citimortgage, Inc. is the current beneficiary under the note secured by a first trust deed on the subject property recorded on 3/4/03. Exhibits 3 and 4. The principal owed is $1,000,000. On 4/30/09 CitiMortgage, Inc. recorded a Notice of Default indicating a delinquency for the payment due 1/1/09 and any other charges due at that same time. Exhibit 5. A Notice of Sale was subsequently recorded on 8/7/09. Exhibit 6.

Movant does not have a copy of the note but assumes an interest rate of 6%. An interest rate of 6% equals a monthly interest payment of $5000. Monthly interest payments from 1/1/09 to the time of filing of the bankruptcy case on 10/8/09 would be owed for a total of $50,000. Movant assumes no payments have been made to CitiMortgage since the filing which would add another $10,000 to the delinquency owing by Debtor to the first trust deed holder. This delinquency does not include trustee fees and any other charges associated with that delinquency as well as the recording of the Notice of Default and Notice of Sale.

Second Trust Deed:

Specialized Loan Servicing is the servicer for the holder of this note secured by the second deed of trust on the subject property. The total debt owing at the time of the filing of this bankruptcy case is $525,801.21 pursuant to the proof of claim filed by Specialized. Exhibit 7. The claim indicates a monthly payment that varies but the minimum monthly payment for 10/20/09 was $2458.86. Movant assumes no payments have been tendered to this creditor since the filing of this case thereby adding $7376.58 (using the $2458.86 monthly figure) to the amount owing to this creditor. No Notice of Default has been recorded.

Third Trust Deed:

Movant is the beneficiary of this note secured by the third deed of trust. The principal amount is $500,000 with an interest rate of 12.99%. Monthly payments are $5527.09. Movant's pre petition and post petition arrears as of 12/24/09 are in the amount of $83,880. Movant anticipates the monthly payment of $5527.09 will be due and owing at the time of the hearing on this motion.

pg 12 of 18

The Subject Property:

The monthly financial cost for the above deeds of trust is $12,985.95. That figure does not include the costs of maintenance, insurance, property taxes and the like that are inherent in owning real property.

Debtor's budget indicates a monthly negative of $29,812.00. Exhibit 8. The Statement of Financial Affairs shows income for the calendar year of 2009 up to the time of filing to be $31,000. Exhibit 9. Neither is sufficient to maintain the monthly payments on the liens against the subject property let alone any monthly expenses for maintenance, insurance or property taxes.

Debtor's anticipated source of income to resume making mortgage payments appears to be shuttering the horse business and maintaining the debtor's law practice. Debtor indicates a goal of joining a law firm in estate planning and probate. Debtor has receivables from her law practice in the approximate amount of $225,000 but has been unable to collect them. Debtor hopes to develop the law practice to a point where its income will cover the monthly property expenses or allow access to a firm. Exhibit 8. To do so, Debtor must develop a strategy to get clients. In the current economic situation this approach is highly speculative as there is much competition which drives down the price for legal services and there is an advantage to long term practitioners. In addition, the deficit of almost $30,000 per month makes it impractical if not impossible to overcome.

Movant is in 3rd position behind a $1,000,000 first deed of trust and a second deed of trust in the amount of $500,000. Both have not received payments from 1/1/09 forward and have not received any payments since the filing of this case, and neither has Movant. Debtor has a negative budget of $29,812 per month and therefore no money to make mortgage payments. To wait for a law practice to provide the money is unrealistic and speculative.

Movant's appraisal establishes a value of $2,500,000 for the subject property. Exhibit 12. The value remaining after taking into account the three liens, the property taxes, homestead exemption and costs of sale is $120,340. Exhibits 13 and 14. With monthly mortgage payments of almost $13,000, it will take less than a year before this remaining equity is extinguished. Again, this estimate does not include monthly maintenance expense, monthly property tax expense or any monthly insurance expenditure.

F 4001-1M.RP

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| PAMELA MILLER RIDLEY, Debtor | | Debtor(s). | CASE NO.: 1:09-bk-23305 GM |

    c.  Postpetition/preconfirmation advances or other charges due but unpaid:     $_____
        (See attachment for details of type and amount.)

                **TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:**   $_____

    d.  Postconfirmation payments due BUT REMAINING UNPAID since plan confirmation *(if applicable)*:

        *(Number of)* _____ payment(s) due at $_____ each = $_____
        *(Number of)* _____ payment(s) due at $_____ each = $_____
        *(Number of)* _____ late charge(s) at $_____ each = $_____
        *(Number of)* _____ late charge(s) at $_____ each = $_____

    e.  Postconfirmation advances or other charges due but unpaid:     $_____
        (See attachment for details of type and amount.)

                **TOTAL POSTCONFIRMATION DELINQUENCY:**   $_____

    f.  ☐ The claim is provided for in the Chapter 12 or 13 Plan. Plan payment history is attached as Exhibit _____.

    g.  ☐ See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach Court Form F 4001-1M.13)*.

14.  ☐ Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

15.  ☐ The court determined that the Property qualifies as single asset real estate on _____. More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate, the Debtor(s) has/have not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or the Debtor(s) has/have not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

16.  ☐ See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

17  ☐ The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved:

    a.  ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b.  ☐ Multiple bankruptcy filings affecting the Property. The multiple bankruptcy filings include the following cases:
        1.  Case Name:
            Case Number:        Chapter:
            Date Filed:          Date Dismissed:        Date Discharged:
            Relief from stay re this property   ☐ was   ☐ was not granted.
        2.  Case Name:
            Case Number:        Chapter:
            Date Filed:          Date Dismissed:        Date Discharged:
            Relief from stay re this property   ☐ was   ☐ was not granted.
        3.  ☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                      **F 4001-1M.RP**

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| PAMELA MILLER RIDLEY, Debtor | | Debtor(s). | CASE NO.: 1:09-bk-23305 GM |

18. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

   a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on _____, 2009, at LOS ANGELES, CALIFORNIA _____ (city, state).

RON PERLSTEIN
Print Declarant's Name

X_____
Signature of Declarant

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

F 4001-1M.RP

Motion for Relief from Stay (Real Property) - Page 18 of 18    F 4001-1M.RP

| In re (SHORT TITLE) | CHAPTER: 11 |
|---|---|
| PAMELA MILLER RIDLEY, Debtor                                Debtor(s). | CASE NO.: 1:09-bk-23305 GM |

18. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

   a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on _____12/24_____, 2009, at LOS ANGELES, CALIFORNIA _____ (city, state).

RON PERLSTEIN
Print Declarant's Name

X _____
Signature of Declarant

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                F 4001-1M.RP