# EXHIBIT 3

Page 30



**This page is part of your document - DO NOT DISCARD**

03 0619638

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA

MAR 04 2003 AT 8 A.M.

TITLE(S):

L E A D   S H E E T

FEE          D.T.T

FEE $ 52 N/C

CODE 20    D.A. FEE Code 20   $ 2

CODE 19

CODE 9

NOTIFICATION SENT-$4

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.    Number of Parcels Shown

THIS FORM NOT TO BE DUPLICATED

Page 31

Recording Requested By:
Goleta National Bank

*[Company Name]*

And When Recorded Mail To:
Goleta National Bank

*[Company Name]*

*[Name of Natural Person]*
445 Pine Avenue

*[Street Address]*
Goleta, CA 93117

*[City, State Zip Code]*

03 0619638

3/4/03

---

*[Space Above This Line For Recording Data]*

# DEED OF TRUST

MIN  1000595-0000001421-4

**DEFINITIONS**

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A)　**"Security Instrument"** means this document, which is dated　February 20, 2003
together with all Riders to this document.

(B)　**"Borrower"** is Pamela Miller Ridley, an unmarried woman

. Borrower is the trustor under this Security Instrument.

(C)　**"Lender"** is　Goleta National Bank

Lender is a　　　　　　　　national bank　　　　　　　　organized and existing under the laws of
United States of America　　　　. Lender's address is　445 Pine Avenue, Goleta, CA
93117

(D)　**"Trustee"** is Goleta National Bank

(E)　**"MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

Loan No: 70004662

California Deed of Trust-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT　　　　MERS Modified Form 3005 01/01
—The Compliance Source, Inc.—　　　　　　　　　　Page 1 of 13　　　　　　　　　　　　　　　　14301CA 08/00
www.compliancesource.com　　　　　　　　　　　　　　　　　　　　　　　　© 2000, The Compliance Source, Inc.

---

(F)　"Note" means the promissory note signed by Borrower and dated　February 20, 2003　. 3
The Note states that Borrower owes Lender　one million and NO/100ths
Dollars (U.S. $ 1,000,000.00 )
plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than　March 1, 2033　.

(G)　"Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H)　"Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I)　"Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider　　☐ Condominium Rider　　☐ Second Home Rider
☐ Balloon Rider　　　　　　☐ Planned Unit Development Rider　　☐ Biweekly Payment Rider
☐ 1-4 Family Rider　　　　☐ Revocable Trust Rider
☒ Other(s) [specify]　Prepayment Rider

3/4/03

(J)　"Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K)　"Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L)　"Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M)　"Escrow Items" means those items that are described in Section 3.

(N)　"Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O)　"Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P)　"Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q)　"RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R)　"Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

Loan No: 70004662

| California Deed of Trust-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT | MERS Modified Form 3005 01/01 |
|---|---|
| —THE COMPLIANCE SOURCE, INC.—　　　　Page 2 of 13 | 14301CA 08/00 |
| www.compliancesource.com | © 2000, The Compliance Source, Inc |

03 0619638

Branch :NAO,User :T101                                      Comment:                                      Station Id :MVJK

## TRANSFER OF RIGHTS IN THE PROPERTY

4

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

County             of         LOS ANGELES
[Type of Recording Jurisdiction]   [Name of Recording Jurisdiction]

LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT A.

Assessor's Identification Number: 4466-018-006

which currently has the address of     28860 Selfridge Drive
                                       [Street]
Malibu        , California      90265              ("Property Address"):
[City]                          [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Loan No: 70004662

California Deed of Trust-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT         MERS Modified Form 3005 01/01
—THE COMPLIANCE SOURCE, INC.—                Page 3 of 13                                         14301CA 008/00
www.compliancesource.com                                                                © 2000, The Compliance Source, Inc.

03 0619638

LOS ANGELES,CA                          Page 4 of 17                    Printed on 12/22/2009 3:50:22 PM
Document: TD 2003.619638

Page 34

highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

**23. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

**24. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**25. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_Pamela Miller Ridley_ (Seal)
Pamela Miller Ridley — Borrower

Printed Name: _____
　　　　　[Please Complete]

_____ (Seal)
-Borrower

Printed Name: _____
　　　　　[Please Complete]

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

———————— [Acknowledgment on Following Page] ————————

Loan No: 70004662

California Deed of Trust-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT　　　MERS Modified Form 3005 01/01
—THE COMPLIANCE SOURCE, INC.—　　　　　Page 12 of 13　　　　　　　　　　　　14301CA 08/00
www.compliancesource.com　　　　　　　　　　　　　　　　　　　　© 2000, The Compliance Source, Inc.

03 0619638

State of CALIFORNIA §
§
County of VENTURA §

14

On 2-25-03, _____, before me, RICHARD B. VENER
[name and title of officer] personally appeared Pamela Miller Ridley

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument in person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

[Notary Seal: RICHARD B. VENER, COMMISSION # 1213857, NOTARY PUBLIC-CALIFORNIA, VENTURA COUNTY, My Comm. Expires MARCH 20, 2003]

Signature _Richard B. Vener_ (Seal)

3/4/03

### REQUEST FOR FULL RECONVEYANCE

TO TRUSTEE:

The undersigned is the holder of the note or notes secured by this Deed of Trust, which was recorded in the office of the Recorder of _____ County, State of California, in book ____, page ____ of official records. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

_____        Date: _____
(Trustee)

California Deed of Trust-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     MERS Modified Form 3005 01/01
—THE COMPLIANCE SOURCE, INC.—            Page 13 of 13                              1491CA 08/00
www.compliancesource.com                                                            © 2000, The Compliance Source, Inc

03 0619638

EXHIBIT "A"

15

## LEGAL DESCRIPTION

Real property in the City of Malibu, County of Los Angeles, State of California, described as follows:

PARCEL 1:

A PARCEL OF LAND BEING A PORTION OF THE RANCHO TOPANGA MALIBU SEQUIT, IN THE CITY OF MALIBU, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS CONFIRMED TO MATTHEW KELLER BY PATENT RECORDED IN BOOK 1 PAGE 407 ET SEQ. OF PATENTS, RECORDS OF SAID COUNTY, PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE CENTER LINE OF PRIVATE ROAD EASEMENT NO. 4, AS DESCRIBED IN THE DECLARATION OF EASEMENTS FILED FOR RECORD DECEMBER 11, 1945 AS INSTRUMENT NO. 45-2045, SAID POINT OF BEGINNING BEING SOUTH 87° 00' 00" EAST 893.76 FEET FROM THE NORTHWESTERLY EXTREMITY OF THAT CERTAIN CENTER LINE COURSE DESCRIBED IN SAID EASEMENT NO. 4 AS SOUTH 87° 00' 00" EAST 1581.70 FEET; THENCE FROM AFORESAID POINT OF BEGINNING SOUTH 3° 00' 00" WEST 415.66 FEET; THENCE SOUTH 87° 00' 00" EAST 112.00 FEET; THENCE NORTH 3° 00' 00" EAST 415.66 FEET TO A POINT IN AFORESAID CENTERLINE OF EASEMENT NO. 4; THENCE FOLLOWING SAID CENTER LINE NORTH 87° 00' 00" WEST 112.00 FEET TO THE POINT OF BEGINNING.

THE ABOVE DESCRIBED LAND IS SHOWN AS PARCEL 75 ON A RECORD OF SURVEY FILED IN BOOK 56 PAGES 29 TO 32 INCLUSIVE RECORDS OF SURVEYS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL MINERALS, OIL, PETROLEUM, ASPHALTUM, GAS, COAL AND OTHER HYDROCARBON SUBSTANCES IN, ON, WITHIN AND UNDER SAID LANDS AND EVERY PART THEREOF, BUT WITHOUT SURFACE RIGHT OF ENTRY, AS RESERVED BY MARBLEHEAD LAND COMPANY, IN DEED RECORDED APRIL 19, 1946 IN BOOK 23036, PAGE 325 OF OFFICIAL RECORDS.

PARCEL 2:

EASEMENTS FOR INGRESS AND EGRESS APPURTENANT TO THE LANDS HEREIN CONVEYED OVER THOSE LANDS DESCRIBED AS EASEMENTS NO'S ONE (1) TO FIVE (5) INCLUSIVE, IN THAT CERTAIN INSTRUMENT DESIGNATED "DECLARATION OF EASEMENT BY MARBLEHEAD LAND COMPANY," WHEREIN GRANTOR HEREIN IS DECLARANT, FILED FOR RECORD DECEMBER 11, 1945 AS INSTRUMENT NO. 45-2045, IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY. THESE EASEMENTS ARE GRANTED FOR THE PURPOSES SET FORTH IN SAID INSTRUMENT.

TOGETHER WITH EASEMENTS FOR PEDESTRIAN TRAVEL, BATHING OR RECREATIONAL PURPOSES APPURTENANT TO THE LANDS HEREIN CONVEYED OVER THOSE LANDS DESCRIBED AS EASEMENTS NO'S. ONE (1) TO SEVEN (7) INCLUSIVE IN THAT CERTAIN INSTRUMENT DESIGNATED "DECLARATION OF EASEMENT BY MARBLEHEAD LAND COMPANY" FILED FOR RECORD JANUARY 8, 1946 AS INSTRUMENT NO. 46-1319 IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY. THESE EASEMENT ARE GRANTED FOR PURPOSES SET FORTH IN SAID INSTRUMENT.

**03 0619638**

3/4/03

16

## PREPAYMENT RIDER
(Multi-state)

Loan No: 70004662

This Prepayment Rider is made this __20th__ day of __February__, __2003__ and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note (the "Note") to __Goleta National Bank__ _____ (the "Lender") of the same date and covering the property described in the Security Instrument and located at __28860 Selfridge Drive, Malibu, CA 90265__ (the "Property").

**Additional Covenants.** Notwithstanding anything to the contrary set forth in the Note or Security Instrument, Borrower and Lender further covenant and agree as follows:

Borrower has the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." A "full prepayment" is the prepayment of the entire unpaid principal due under the Note. A payment of only part of the unpaid principal is known as a "partial prepayment."

If, within the __5__-year period beginning with the date Borrower executes the Note (the "Penalty Period"), Borrower makes a full prepayment, or partial prepayment in any twelve (12)-month period that exceeds 20% of the original principal loan amount, Borrower will pay a prepayment charge as consideration for the Note Holder's acceptance of such prepayment. The prepayment charge will equal the amount of interest that would accrue during a six (6)-month period on the amount prepaid that exceeds 20% of the original principal balance of the Note, calculated at the rate of interest in effect under the terms of the Note at the time of the prepayment, unless otherwise prohibited by applicable law or regulation. No prepayment charge will be assessed for any prepayment occurring after the Penalty Period.

603B2 - Multi-state Rider
11/15/99                    Page 1 of 2                    AO603B2 02/00



03 0619638

Page 38

17

Loan No: 70004662

Notwithstanding the foregoing, in the event of a full prepayment concurrent with a bona fide sale of the Property to an unrelated third party after the first __1__ year(s) of the term of the Note, no prepayment penalty will be assessed. In that event, Borrower agrees to provide the Note Holder with evidence acceptable to the Note Holder of such sale.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this Prepayment Rider.

3/4/03

_Pamela Miller Ridley_ (Seal)
Pamela Miller Ridley  (Borrower)

_____ (Seal)
(Borrower)

_____ (Seal)
(Borrower)

_____ (Seal)
(Borrower)

60382 - Multi-state Rider
11/15/99                    Page 2 of 2                    AO60382 02/00

03 0619638

Page 39